## CLARK vs. ROOP.

In an action of assumpsit for work and labor, proof of work done by the plaintiff for a third person, may be given under the common indebitatus count for work and labor done for the defendant, where the work was done, at the request and upon the credit of the defendant.

*Error to Johnson Circuit Court.*

Hon. WM. H. FEILD, Circuit Judge, presiding.

S. H. HEMPSTEAD, for the plaintiff. The instruction asked by Clark should have been given, because it would seem to be a plain proposition that under a count for work and labor done for one person, evidence is not admissible to show that work was done for another and different person, and, when so admitted, cannot sustain the count.

The proof is clear that the work done by Roop was on the mill of Edwards, and, furthermore, was of no value, and a new trial should have been granted on that ground.

PIKE & CUMMINS, contra. No exception was taken, as to the refusal of the instruction, at the time, and no question remains as to that. (6 *Eng.* 627; 13 *Ark.* 354.) The Court cannot interfere to disturb the verdict—as there is sufficient evidence to sustain it. 13 *Ark.* 236, 295, 306; 6 *Eng.* 455, 630.

Mr. Justice WALKER delivered the opinion of the Court.

This was an action of assumpsit, brought by Roop against Clark, for work and labor done at the instance and request of Clark for him.

It seems that Clark, the owner of a mill, rented it to one Edwards. The mill was out of repair, and whether, under the con-

tract of rent with Edwards, Clark was to put the mill in repair, or keep it in repair, does not appear from the evidence. Be this as it may, Clark addressed to Roop the following note: "Mr. Roop: I want you to put in the new works in the water mill for Mr. Edwards." There is evidence that Roop worked on the mill, that he was a mill-wright, and of the value of the work done.

The only material point to be considered arises upon the instruction asked by the defendant, and refused by the Circuit Court; which was, in effect, that proof of work done by the plaintiff for Edwards, at the request of Clark, would not support a count for work and labor done for Clark. Under the circumstances of the case, we think the instruction properly refused. It is true that, in Clark's written request or engagement, (for, having been accepted by Roop, it became, in effect, such), he did request Roop to work upon the mill for Edwards, and if Roop had declared upon the special contract, there would have been stronger grounds for sustaining the instruction asked; but the defendant is charged in the common indebitatus count for work and labor. And, under such count, the question is, whether the plaintiff may not hold the defendant liable for work done at his request for another, as for work done for himself. The undertaking was certainly at the instance of Clark, and the credit given to him; at least the plaintiff might, if he thought proper, charge him with the value of the work. Such is the rule held in *Scott vs. Messick*, (4 *Mon.* 535.) In that case, the facts were, that Scott employed Messick to do the stone work on a building then being erected on the land of Mary Scott and for her. The action brought was assumpsit, under the common counts, for work and labor done, and for Scott and at his request. After the evidence was closed, the defendant moved the Court to instruct the jury as in case of a non-suit upon the same ground urged in this case. The Court held the doctrine to be well settled that, in respect to work and labor, or other personal service, however special the contract, if not under seal, and the terms of it have been performed on the plaintiff's part, and the remuneration was to be in money, it is

not necessary to declare specially; and the common law indebita-
tus count is sufficient.    And in the same case, the Court, when con-
sidering the question of variance between the allegation and
proof, says: "If Messick had declared specially upon the origi-
nal contract with the appellant, for the work, it might, with great
plausibility, at least, be said that, as respects the liability of the
appellant, the wall which was put up under the contract by Mes-
sick, should have been treated as the appellant's wall, and, though
proved to be upon the land of Mary Scott, the variance between
the proof and the declaration in such case, would be a variance
in form only; but, be that as it may, there can, we apprehend,
be no reasonable doubt but that the variance is not such as to
preclude a recovery under the indebitatus'count."

The other grounds relate solely to the sufficiency of the evi-
dence to sustain the verdict of the jury.    There was proof that
the defendant worked upon the mill by the day, that he was a
mill-wright, that two dollars per day were paid wages for his
services, and that others had given him that price.    It is true
that several of the witnesses depose that the work was of no value:
One witness states that the new work was improperly put into
the old work.    Some of the witnesses are of opinion that the new
work gave way first, others that the old work first gave way; and,
from the whole tenor of the evidence, we may fairly infer that
the work was considered, by the witnesses, of no value, because
it gave way, and not that the work was not in other respects done
in a workman-like manner.    Now, it is very evident, that, if the
defendant caused the new work to be attached to old work, which
gave way, and thereby the new work became of no value, that
the plaintiff should not be held accountable for the consequent
loss of value in the work.    The jury may have given credit to the
witness who thus deposed, or they may have considered it work
done by the day, under the inspection of the defendant or his
agent.    Be·this as it may, the jury were the proper judges of the
weight to be given to the statement ·of the witnesses, and as there
was no total lack of evidence to sustain the verdict of the jury,

although it is far from satisfactory to our minds, we do not feel at liberty to set the verdict aside.   Let the judgment be affirmed.